UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CONNERS RUST, | Civil No. 3:08-cv-2404-JAH (CAB) |
| Petitioner, | **ORDER OVERRULING PETITIONER'S OBJECTIONS;** |
| v. | **ADOPTING MAGISTRATE** |
| MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, | **JUDGE'S REPORT AND RECOMMENDATION; AND DENYING PETITION FOR WRIT** |
| Respondent. | **OF HABEAS CORPUS** |

**INTRODUCTION**

Petitioner David Conners Rust ("Petitioner") is a California state prisoner proceeding <u>pro se</u> with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Cathy Ann Bencivengo, United States Magistrate Judge, has issued a report and recommendation ("the Report") recommending that this Court deny the petition in its entirety. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report, and **DENIES** the petition for writ of habeas corpus.

**BACKGROUND**

In a twelve-count information filed in the San Diego County Superior Court on June 17, 2005, Petitioner was charged with two counts of lewd and lascivious conduct

1  with a child under the age of fourteen (Cal. Pen. Code § 288(a)) (Counts 1 and 2), and

2  ten counts of misdemeanor possession of child pornography (Cal. Pen. Code § 311.11(a))

3  (Counts 3 through 12).  (Lodgment 1 at 1-4.)  It was also alleged that Petitioner had

4  previously been convicted of discharging a firearm at a dwelling or occupied vehicle (Cal.

5  Pen. Code §§ 246 and 12022.5), which constituted a serious felony prior and a strike prior

6  (Cal. Pen. Code §§ 667(a)(1) and (b)-(i), 1170.12).  (Lodgment 1 at 5.)

7         On November 8, 2005, Petitioner pleaded guilty to the child pornography charges

8  (Counts 3 through 12) and admitted the prior conviction allegations.  (Lodgment 1 at

9  80-82, 276-278; Lodgment 2 at 41-44, 45-49.)

10         On November 10, 2005, a jury found Petitioner guilty of both counts of lewd and

11  lascivious conduct with a child under the age of fourteen.  (Lodgment 1 at 155-56;

12  Lodgment 2, vol. 4 at 363-365.)

13         On February 22, 2006, the trial court sentenced Petitioner to state prison for a total

14  determinate term of twenty-five years, consisting of a term of sixteen years on Count 1,

15  plus a consecutive term of four years on Count 2, plus a consecutive term of five years for

16  the serious felony prior conviction.  (Lodgment 1, Vol. 2 at 258; Lodgment 2, vol. 5 at

17  401-404.)

18         On January 11, 2007, Petitioner filed a direct appeal, raising all of the issues raised

19  in this habeas petition. (Lodgments 3 and 4.)  On January 4, 2008, the California Court

20  of Appeals, in a reasoned opinion, rejected his appeal.  (Lodgment 7 – People v. Rust, No.

21  D048169,  slip op. (Jan. 4, 2008).)   Petitioner filed a petition for review with the

22  California Supreme Court.  (Dkt. No. 1 at 2.)  On March 20, 2008, the California

23  Supreme Court summarily denied Petitioner's petition for review.  (Lodgment 8.)

24         On December 24, 2008, Petitioner filed the instant petition, asserting identical

25  claims to those asserted in his state court appeals.  (Dkt. No. 1.)  On April 10, 2009,

26  Respondent filed an answer to the petition and, on January 6, 2010, Petitioner filed his

27  traverse.  (Dkt. Nos. 8 & 11.)  On February 1, 2010, the magistrate judge issued the

28  Report. (Dkt. No. 12.) Petitioner filed objections to the Report on March 5, 2010.  (Dkt.

1 │ No. 13.)  Respondent did not reply.

2 │ **DISCUSSION**

3 │ **I.      Legal Standard**

4 │ The district court's role in reviewing a magistrate judge's report and

5 │ recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under  this statute, the court

6 │ "shall make a de novo determination of those portions of the report . . . to which objection

7 │ is made," and "may accept, reject, or modify, in whole or in part, the findings or

8 │ recommendations made by the magistrate [judge]."  Id.  The party objecting to the

9 │ magistrate judge's findings and recommendation bears the responsibility of specifically

10 │ setting forth which of the magistrate judge's findings the party contests.  See Fed. R. Civ.

11 │ P. 72(b).  It is well settled, under Rule 72(b), that a district court may adopt those parts

12 │ of a magistrate judge's report to which no specific objection is made, provided they are not

13 │ clearly erroneous.  See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

14 │ **II.     Analysis**

15 │ This Court received Petitioner's objections to the Report and conducted a de novo

16 │ review, independently reviewing the Report and all relevant papers submitted by both

17 │ parties.  In his petition, Petitioner presented five grounds for relief: (1) the state trial

18 │ court erred in admitting evidence of the details of Petitioner's misdemeanor child

19 │ pornography counts to which he pleaded guilty before trial; (2) the state trial court erred

20 │ in admitting evidence of Petitioner's alleged sexual misconduct with his daughter

21 │ approximately ten years before the present case; (3) the state trial court erred in refusing

22 │ to give the jury instructions regarding the lesser included offense of battery; (4) the state

23 │ trial court erred in imposing two punishments for one incident and in imposing those

24 │ sentences consecutively; and (5) the state trial court's imposition of an upper term

25 │ sentence violated his right to a jury trial under the Sixth Amendment.   (Dkt. No. 1 at

26 │ 6-10.)  In a twenty-five page document, the magistrate judge thoroughly addressed each

27 │ of Petitioner's claims and recommended that each be denied in its entirety.

28 │ Petitioner's objections to the magistrate judge's Report are general in nature in that

1  they fail to specify any particular finding of fact or conclusion of law to which Petitioner

2  objects. Petitioner's objections may be summarized as an exposition of Petitioner's

3  contention that the penalties required by California's three strikes law "cry out for

4  modification or abolition to bring some measure of justice to its imposition." (Dkt. No.

5  13 at 3.) At most, Petitioner objects "to all grounds of support for dismissal of my writ

6  of Habeas Corpus as untrue, unjust and contrary to the spirit of equitable and just

7  punishment that fits the crime." (Id. at 5. (emphasis added).) In sum, Petitioner has

8  failed to object to any specific finding of fact or conclusion of law in the Report.

9    This Court finds that the findings of fact contained in the Report are supported by

10 the record in this case. This Court further finds that the Report sets forth a cogent legal

11 analysis of the issues presented in the petition, answer, and traverse, such that this Court

12 finds the Report is not clearly erroneous. As such, this Court agrees with the magistrate

13 judge's analysis in its entirety.

14   Accordingly, **IT IS HEREBY ORDERED** that:

15   1. Petitioner's objections are **OVERRULED** in their entirety;

16   2. The Report is **ADOPTED** in full;

17   3. The instant petition is **DENIED** in its entirety; and

18   4. The Clerk of Court shall enter judgment accordingly.

19 Dated: September 8, 2011

20 _____

21 JOHN A. HOUSTON
   United States District Judge

22

23

24

25

26

27

28

08cv2404