UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CONNERS RUST,<br><br>　　　　　Petitioner,<br>v.<br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　Respondent. | Civil No. 3:08-cv-2404-JAH (CAB)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

Petitioner David Conners Rust ("Petitioner") is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable Cathy Ann Bencivengo, United States Magistrate Judge, has issued a report and recommendation ("the Report") recommending that this Court deny the petition in its entirety. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report, and **DENIES** the petition for writ of habeas corpus.

**BACKGROUND**

In a twelve-count information filed in the San Diego County Superior Court on June 17, 2005, Petitioner was charged with two counts of lewd and lascivious conduct

with a child under the age of fourteen (Cal. Pen. Code § 288(a)) (Counts 1 and 2), and ten counts of misdemeanor possession of child pornography (Cal. Pen. Code § 311.11(a)) (Counts 3 through 12). (Lodgment 1 at 1-4.) It was also alleged that Petitioner had previously been convicted of discharging a firearm at a dwelling or occupied vehicle (Cal. Pen. Code §§ 246 and 12022.5), which constituted a serious felony prior and a strike prior (Cal. Pen. Code §§ 667(a)(1) and (b)-(i), 1170.12). (Lodgment 1 at 5.)

On November 8, 2005, Petitioner pleaded guilty to the child pornography charges (Counts 3 through 12) and admitted the prior conviction allegations. (Lodgment 1 at 80-82, 276-278; Lodgment 2 at 41-44, 45-49.)

On November 10, 2005, a jury found Petitioner guilty of both counts of lewd and lascivious conduct with a child under the age of fourteen. (Lodgment 1 at 155-56; Lodgment 2, vol. 4 at 363-365.)

On February 22, 2006, the trial court sentenced Petitioner to state prison for a total determinate term of twenty-five years, consisting of a term of sixteen years on Count 1, plus a consecutive term of four years on Count 2, plus a consecutive term of five years for the serious felony prior conviction. (Lodgment 1, Vol. 2 at 258; Lodgment 2, vol. 5 at 401-404.)

On January 11, 2007, Petitioner filed a direct appeal, raising all of the issues raised in this habeas petition. (Lodgments 3 and 4.) On January 4, 2008, the California Court of Appeals, in a reasoned opinion, rejected his appeal. (Lodgment 7 – <u>People v. Rust</u>, No. D048169, slip op. (Jan. 4, 2008).) Petitioner filed a petition for review with the California Supreme Court. (Dkt. No. 1 at 2.) On March 20, 2008, the California Supreme Court summarily denied Petitioner's petition for review. (Lodgment 8.)

On December 24, 2008, Petitioner filed the instant petition, asserting identical claims to those asserted in his state court appeals. (Dkt. No. 1.) On April 10, 2009, Respondent filed an answer to the petition and, on January 6, 2010, Petitioner filed his traverse. (Dkt. Nos. 8 & 11.) On February 1, 2010, the magistrate judge issued the Report. (Dkt. No. 12.) Petitioner filed objections to the Report on March 5, 2010. (Dkt.

No. 13.)  Respondent did not reply.

## DISCUSSION

### I.     Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  Id.  The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests.  See Fed. R. Civ. P. 72(b).  It is well settled, under Rule 72(b), that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous.  See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

### II.    Analysis

This Court received Petitioner's objections to the Report and conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties.  In his petition, Petitioner presented five grounds for relief: (1) the state trial court erred in admitting evidence of the details of Petitioner's misdemeanor child pornography counts to which he pleaded guilty before trial; (2) the state trial court erred in admitting evidence of Petitioner's alleged sexual misconduct with his daughter approximately ten years before the present case; (3) the state trial court erred in refusing to give the jury instructions regarding the lesser included offense of battery; (4) the state trial court erred in imposing two punishments for one incident and in imposing those sentences consecutively; and (5) the state trial court's imposition of an upper term sentence violated his right to a jury trial under the Sixth Amendment.   (Dkt. No. 1 at 6-10.)  In a twenty-five page document, the magistrate judge thoroughly addressed each of Petitioner's claims and recommended that each be denied in its entirety.

Petitioner's objections to the magistrate judge's Report are general in nature in that

they fail to specify any particular finding of fact or conclusion of law to which Petitioner objects. Petitioner's objections may be summarized as an exposition of Petitioner's contention that the penalties required by California's three strikes law "cry out for modification or abolition to bring some measure of justice to its imposition." (Dkt. No. 13 at 3.) At most, Petitioner objects "to all grounds of support for dismissal of my writ of Habeas Corpus as untrue, unjust and contrary to the spirit of equitable and just punishment that fits the crime." (Id. at 5. (emphasis added).) In sum, Petitioner has failed to object to any specific finding of fact or conclusion of law in the Report.

This Court finds that the findings of fact contained in the Report are supported by the record in this case. This Court further finds that the Report sets forth a cogent legal analysis of the issues presented in the petition, answer, and traverse, such that this Court finds the Report is not clearly erroneous. As such, this Court agrees with the magistrate judge's analysis in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections are **OVERRULED** in their entirety;
2. The Report is **ADOPTED** in full;
3. The instant petition is **DENIED** in its entirety; and
4. The Clerk of Court shall enter judgment accordingly.

Dated: September 8, 2011

_____
JOHN A. HOUSTON
United States District Judge

4

08cv2404